S. H. HOOPS, APPELLANT, v. STEPHEN R. McNICHOLS ET AL., APPELLEES.

FILED OCTOBER 17, 1893. No. 5036.

Decree: APPEAL: REVIEW. Where, upon appeal, it appears that the decree in the district court granted to the appellant all the relief by him sought, the judgment will be affirmed without regard to the merits of the decree.

APPEAL from the district court of Holt county. Heard below before KINKAID, J.

*Uttley & Benedict* and *H. M. Uttley*, for appellant.

*G. M. Cleveland*, contra.

IRVINE, C.

This suit was begun by Hoops against McNichols, C. C. Clark, Libby Cullumber, and the Farmers Loan & Trust

Company, to foreclose a mortgage upon certain land in Holt county. A mortgage had been executed by McNichols in favor of the Farmers Loan & Trust Company, and by that company assigned to the plaintiff. The only allegation in regard to the defendant Cullumber was that she " has or claims to have some right, title, or interest in and to said premises," and that whatever interest she has is junior to the lien of the plaintiff.

The defendant Cullumber answered setting up that she was the owner and in possession of the premises; that the interest of McNichols was created by a receiver's receipt made to him March 28, 1887, and that afterwards, upon charges preferred, and upon notice to McNichols, the receipt and entry were canceled for false testimony in making proof; and that no patent had ever been issued. Hoops demurred to this answer. The demurrer was overruled, and a reply was filed denying all the allegations in regard to the contest and cancellation of McNichols' entry, and denying the authority of the commissioner of the land office to cancel such entry, and alleging the interest of Cullumber was derived through an entry made upon the land by force and in fraud of the laws of the United States. The answer above referred to closes with a prayer for the dismissal of the action.

The decree establishes plaintiff's mortgage, determines the amount due, and declares the mortgage to be " the first lien on said described land and paramount and superior to any right, title, lien, or interest in, to, or against the same, of any of the defendants in this action," and in default of payment within twenty days, orders a sale of the premises. The decree also contains the following paragraph:

" The court further finds that the title of defendant, Stephen R. McNichols, in and to said premises was based solely on a receiver's final receipt issued to him by the officers of the local United States land office on the 28th day of March, 1887, and that on the 15th day of January, 1889, a receiver's final receipt was issued by the officers of said

local United States land office to defendant Libby Cullumber of the whole tract of land; and that no patent for said land has yet issued to either party, and the legal title to said land is still in the government of the United States, and this court has no jurisdiction to decide the respective rights of the claimants, Stephen R. McNichols and Libby Cullumber."

"McNichols had not appeared in the action and there were no issues between McNichols and Cullumber to try. The plaintiff appeals.

We cannot see what there is in the decree of which he can complain. The court simply declined to determine the conflicting claims of McNichols and Libby Cullumber, but did find distinctly that the plaintiff's mortgage was paramount and superior to any right or title of any of the defendants. Libby Cullumber has not complained of the decree. The plaintiff is not prejudiced by the refusal of the court to adjudicate between McNichols and Cullumber an issue not presented by the pleadings. The decree does adjudicate the conflicting claims of plaintiff and Libby Cullumber, and adjudicates them in favor of appellant. The judgment should be

AFFIRMED.